United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41505
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LORENZO CASTILLO-MARTINEZ, also known as Lorenzo
Castillo-Bernal,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-522-ALL
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Lorenzo Castillo-Martinez appeals the sentence imposed
following his guilty-plea conviction for illegal reentry after
deportation, having previously been convicted of a drug
trafficking offense, in violation of 8 U.S.C. § 1326(a) & (b).

    Castillo-Martinez argues that the district court erred in
imposing his sentence under the mandatory Guidelines scheme held
unconstitutional in United States v. Booker, 125 S. Ct. 738
(2005).  Because Castillo-Martinez did not raise this issue in
the district court, review is limited to plain error.  See United

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Mares, 402 F.3d 511 (5th Cir. 2005), <u>petition for cert. filed</u>, (U.S. Mar. 31, 2005) (No. 04-9517).  The district court erred in imposing Castillo-Martinez's sentence under the mandatory Guidelines scheme, and the error was obvious after <u>Booker</u>.  <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, ___ F.3d ___, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005).  However, Castillo-Martinez has not shown that the error affected his substantial rights as he has not shown that the record shows the district court judge would have imposed a different or lesser sentence under a <u>Booker</u> advisory regime.  <u>See</u> <u>id.</u> at **4-5.  Therefore, he has not met the requirements to show plain error.

Castillo-Martinez also argues that the "felony" and "aggravated felony" sentencing enhancements under 8 U.S.C. § 1326(b) are unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  He acknowledges that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review.  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Sarmiento-Funes</u>, 374 F.3d 336, 346 (5th Cir. 2004).  This court must follow <u>Almendarez-Torres</u>, "'unless and until the Supreme Court itself determines to overrule it.'"  <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir.) (citation omitted), <u>cert. denied</u>, 540 U.S. 935 (2003).

AFFIRMED.