United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40992
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALBERTO GARCIA-AGUILAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-263-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto Garcia-Aguilar pleaded guilty to being an
alien unlawfully found in the United States after deportation,
having previously been convicted of an aggravated felony, and he
was sentenced to 46 months of imprisonment and three years of
supervised release.  He appeals his conviction and sentence.

Garcia-Aguilar argues for the first time on appeal that the
felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional and that the validity of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), has been called into question in light of later cases decided by the Supreme Court. He concedes that this issue is foreclosed, and he raises it solely to preserve it for further review by the Supreme Court. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90 (2000) did not overrule <u>Almendarez-Torres</u>. As Garcia-Aguilar concedes, this argument is foreclosed unless and until the Supreme Court itself decides to overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir.), <u>cert. denied</u>, 540 U.S. 935 (2003).

Garcia-Aguilar also argues that the district court erred in sentencing him under a mandatory application of the guidelines prohibited by <u>United States v. Booker</u>, 125 S. Ct. 738, 756-57, 769 (2005). Garcia-Aguilar did not raise this issue in the district court, so we review it for plain error. See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005). Although there was an error, Garcia-Aguilar's arguments and review of the record do not demonstrate "that the district judge would have imposed a different sentence" under advisory guidelines. <u>Id.</u> at 733. Garcia-Aguilar has not shown that the error affected his substantial rights as required under the plain error standard. See <u>Valenzuela-Quevedo</u> 407 F.3d at 732-33; <u>United States v. Mares</u>, 402 F.3d 511, 520-22 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005)(No. 04-9517).

Garcia-Aguilar further argues that even if he has failed to show prejudice, the court should reverse because the error was structural and should be deemed presumptively prejudicial. He acknowledges that the court did not adopt this approach in <u>Mares</u>, but he believes that <u>Mares</u> was wrongly decided and he raises the issue to preserve it for further review. The issue is indeed foreclosed. <u>See</u> <u>United States v. Malveaux</u>, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005).

AFFIRMED.