United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21295
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELO MANCIA-PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Marcelo Mancia-Perez ("Mancia") appeals his bench-trial conviction for illegal reentry after deportation following an aggravated felony. He argues that the district court abused its discretion when it dismissed the original indictment without prejudice for violation of the Speedy Trial Act, and that the "felony" and "aggravated felony" provisions in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional. We AFFIRM.

I

On March 12, 2001, a criminal complaint was filed charging Mancia with illegal reentry following deportation subsequent to his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Mancia was arrested the following day. On April 24, the

Government moved to dismiss the case, and the motion was granted by a magistrate judge on April 30. On May 15, Mancia was indicted for the violation that had been the subject of the previous criminal complaint. He moved to dismiss the indictment pursuant to 18 U.S.C. § 3162(a)(1). He argued that the indictment was subject to dismissal with prejudice because it was not filed within thirty days of his arrest. The district court dismissed the indictment, but did so without prejudice because of the seriousness of the crime, the fact that the delay was due to negligence, the absence of a demonstrated pattern of neglect on the part of the Government, the lack of intentional delay by the Government, and the public's interest in bringing Mancia to trial.

Following the dismissal of the initial indictment, Mancia was again charged with illegal reentry. Mancia filed a second motion to dismiss the indictment, asserting that the original indictment should have been dismissed with prejudice and that the instant indictment was subject to dismissal in the light of the Government's refusal to give reasons why the first indictment was filed late and because there was a pattern of neglect on behalf of the Government in failing to timely file illegal reentry indictments.

The district court held a hearing on Mancia's second motion to dismiss. The court recognized at the outset that some judges in the Western District of Texas had found a sufficient basis, in

2

combination with other factors, to dismiss untimely indictments with prejudice when the Government did not give details explaining its delay. The court noted, however, that other judges presented with the same circumstances had not reached the same result. The Government stated that it was conceding negligence, that the delay was not meant to gain any advantage over the defendant, and that there was no witness or defense that was not available because of the delay.

Mancia responded that the Government had failed to give any explanation for its negligence and that he suffered psychological harm because he thought he would be deported following the dismissal of his case. Mancia made clear that he was not asserting that the Government acted in bad faith. The Government added that it had timely filed over 100 illegal reentry cases in 2001.

The district court found that the seriousness of the crime coupled with Mancia's recidivism weighed in favor of a dismissal without prejudice. The district court noted that the Government had conceded its negligence in not timely filing the indictment; however, the district court did not find that the lack of an explanation for such negligence led to a conclusion that there was a regular or frequent failure by the Government in timely filing indictments and, in fact, that the Government had presented evidence that was inconsistent with such a conclusion. The district court further noted that there was not a failure by the

3

Government to meet its deadlines more than once with respect to the same defendant. The district court determined that Mancia had failed to present any evidence that the Government made a voluntary decision to delay in order to seek a strategic or tactical advantage. Finally, with respect to the impact of reprosecuting Mancia on the administration of the Speedy Trial Act and on justice in general, the district court referred to its dismissal of the first indictment, which stated that the Government did not intentionally delay the proceedings and that the public had a great interest in seeing Mancia brought to trial because of his many previous convictions.

The district court stated that a dismissal without prejudice was not meaningless and that a dismissal with prejudice should be reserved for cases in which there is a regular and frequent failure, "that is, negligence that is repeated with a far greater rate of frequency than is present here, or evidence of an intent to delay to gain a strategic or tactical advantage, which is also not present here." The district court concluded that the psychological damage that was argued by Mancia was an insufficient basis for finding a dismissal with prejudice appropriate. The district court therefore denied Mancia's motion to dismiss the second indictment.

After his motion to dismiss the second indictment was denied, Mancia waived a jury trial and proceeded to trial before the court. At the conclusion of the trial, the court found Mancia guilty.

4

Mancia was sentenced to a 33-month term of imprisonment that was to be followed by a three-year term of supervised release. Mancia filed a timely notice of appeal.

## II

### A

Mancia argues that the district court abused its discretion when it dismissed the original indictment without prejudice for violations of the Speedy Trial Act. He argues that even if this court considers the entire record created after his second motion to dismiss, the district court's refusal to dismiss with prejudice was an abuse of discretion.

"A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act." United States v. Blevins, 142 F.3d 223, 225 (5th Cir. 1998) (citing United States v. Taylor, 487 U.S. 326, 342 (1988)). In addressing whether a dismissal of an indictment for noncompliance with the Speedy Trial Act should be with or without prejudice, the district court should "consider (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice." Id. (citing 18 U.S.C. § 3162(a)(2)). "The defendant has the burden of proving that dismissal of his case pursuant to these factors is appropriate." Id.

This court reviews a dismissal without prejudice under the Speedy Trial Act for abuse of discretion.  Id.  "[W]hen the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed."  Taylor, 487 U.S. at 337.

1

Seriousness of the Offense

Mancia avers that the district court erred in finding that his illegal-reentry offense was serious because it is not a crime of violence and because the statutory maximum for illegal reentry simpliciter is only two years.  His argument is without merit. This court in United States v. Martinez-Espinoza, 299 F.3d 414, 418 (5th Cir. 2002), held that attempted reentry following deportation for an aggravated felony was a serious crime within the meaning of § 3162(a)(2) because the defendant's prior conviction, which exposed him to § 1326(a) liability, was for aggravated assault with a deadly weapon, and that a conviction for attempted reentry carried a possible term of imprisonment of twenty years.  Id.  The court held that a sentence of that length constituted a serious charge.  Id.; see also United States v. Castle, 906 F.2d 134, 138 (5th Cir. 1990) (offense punishable by twenty years a serious offense); United States v. Peeples, 811 F.2d 849, 850-51 (5th Cir. 1987) (fifteen years a serious offense); United States v. Melguizo,

824 F.2d 370, 371 (5th Cir. 1987) (the potential term of imprisonment is an indication of the seriousness of the offense; ten years a serious offense).

Mancia was convicted of unauthorized use of a motor vehicle, which is considered an aggravated felony, and he faced a possible twenty-year sentence. See United States v. Galvan-Rodriquez, 169 F.3d 217, 220 (5th Cir. 1999) (unauthorized use of motor vehicle is "crime of violence," and therefore an aggravated felony). Thus, the offense was serious within the meaning of § 3162(a)(2).

2

Facts and Circumstances that Led to the Dismissal

The second factor, the circumstances of dismissal, requires consideration of the Government's reason for having violated the Act. Martinez-Espinoza, 299 F.3d at 418. Normally, the burden is on the Government to explain the violation. Id. "Once the Government meets this initial burden, the defendant may show that the reason offered by the Government is pretextual." United States v. May, 819 F.2d 531, 533 (5th Cir. 1987).

In Melquizo and United States v. Salgado-Hernandez, 790 F.2d 1265 (5th Cir. 1986), when the Government's stated reason for delay was negligence, this court looked to whether the Government sought the resultant delays for ulterior purposes, whether the Government regularly or frequently failed to meet its deadlines, and whether the Government had failed to meet its deadlines more than once with

the same defendant. See Melquizo, 824 F.2d at 371-72; Salgado-Hernandez, 790 F.2d at 1268. In contrast, when the Government has "offered no explanation whatsoever" for its delay, this court has assumed that the delay was unjustified and that the second factor weighed in favor of dismissal with prejudice. May, 819 F.2d at 533.

In Martinez-Espinoza, this court noted that the Government's apparent negligence in not timely filing the indictment "cut[] both ways" because although it meant the Government did not delay to gain a tactical advantage, it also placed the entire fault for the delay on the shoulders of the prosecution. Martinez-Espinoza, 299 F.3d at 418-19. After analyzing all of the factors, this court remanded the case to the district court so that it could evaluate the statutory factors, aided by its greater familiarity with the case. Id. at 419.

Mancia argues that the district court erred in finding that the facts and circumstances that led to the dismissal of his indictment did not weigh in favor of a dismissal with prejudice. He avers that the Government's conclusory concession of negligence for its 63-day delay in filing the indictment was not sufficient to excuse its default. He does not aver in his original brief to this court that there was a pattern of negligence on the part of the Government in filing indictments. The Government asserts in its brief that the district court did not err in finding that it did

8

not engage in a pattern of neglect. Mancia argues in reply that the Government's failure to explain its delay prevented him from showing that its reason for delay was pretextual and from calling witnesses and subpoenaing documents to prove a pattern of neglect.

In this case, the Government conceded negligence but did not explain why it was negligent. The Government did state, however, that there was no ulterior motive behind the delay and that it had timely filed over one hundred illegal reentry cases in 2001. Although <u>Martinez-Espinoza</u> indicates that the Government's negligence "cuts both ways" and thus does not point one way or another to whether the dismissal should have been with or without prejudice, <u>Melquizo</u> and <u>Salgado-Hernandez</u> remain good law. Under <u>Melquizo</u> and <u>Salgado-Hernandez</u>, the district court did not abuse its discretion in finding that, because the Government's delay was not for an ulterior purpose and because the Government's failure to meet the deadline was not repetitive, regular, or frequent, this factor weighed in favor of a dismissal without prejudice. <u>See</u> <u>Melquizo</u>, 824 F.2d at 371-72; <u>Salgado-Hernandez</u>, 790 F.2d at 1268.

3

Impact of Reprosecution/Administration of Justice

The final § 3162 factor encompasses three concerns: The defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the speedy trial requirements; and the public's interest in

9

bringing the accused to trial.  Blevins, 142 F.3d at 226.  Also implicated by this factor is the presence or absence of prejudice to the defendant.  Taylor, 487 U.S. at 334.

Mancia argues that the district court erred in not considering the psychological harm done to him by "dashing [his] hopes of an immediate deportation to his home in Mexico."  He challenges the Government's reliance on May, in which this court concluded that the third factor under § 3162(a)(2) weighed in favor of a dismissal without prejudice, because, unlike the defendant in May, he was not on bond during the delay.  See May, 819 F.2d at 534.  He also argues that because he will be deported whether his indictment is dismissed with or without prejudice, justice will be served to the extent that he is not allowed to stay in the United States.

When the charge is "serious," as it is here, "courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of prejudice."  May, 819 F.2d at 534.  According to Mancia, he was indicted on May 15, 2001, 63 days after his March 13, 2001, arrest.  The 63-day delay in this case is not serious or severe.  Cf. id. at 532, 534 (41-day delay in filing indictment considered "relatively brief") and United States v. Johnson, 29 F.3d 940, 946 (5th Cir. 1994) (118-day delay considered "serious").  Moreover, the district court found, and Mancia does not dispute in his original brief, that the Government did not engage in a pattern of filing untimely

10

illegal reentry indictments.  Accordingly, a dismissal without prejudice, which "imposes some costs on the government," was appropriate.  See Martinez-Espinoza, 299 F.3d at 419; Blevins, 142 F.3d at 226.

"[T]he public has a great interest in bringing to trial defendants, especially recidivists, who have been accused of committing serious crimes."  Johnson, 29 F.3d at 946.  Mancia has a lengthy criminal history which includes convictions for unauthorized use of a motor vehicle, theft, and burglary.  Finally, because the first indictment was dismissed without prejudice, Mancia's expectation that he would not be reindicted was unjustified.

Given the foregoing, the district court properly considered the statutory factors of § 3162(a)(2), and its supporting factual findings were not clearly in error.  Taylor, 487 U.S. at 337.  Accordingly, the district court did not abuse its discretion in dismissing the first indictment without prejudice and in permitting reindictment.  See Blevins, 142 F.3d at 224.

B

Mancia argues for the first time on appeal that the felony and aggravated-felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.  Mancia concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  He

11

nevertheless seeks to preserve the issue for Supreme Court review in the light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 490; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>). This court therefore must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

III

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.

12