United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10690
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL RAMIREZ-GOMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-55-ALL-C
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Gabriel Ramirez-Gomez ("Ramirez") pleaded guilty to illegal re-entry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced Ramirez to 30 months' imprisonment and three years' supervised release.

The Federal Public Defender has filed a brief on Ramirez's behalf, raising the issues 1) whether the district court erred in denying Ramirez's motion for a downward departure and 2) whether a prior felony conviction is an element of the offense under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1326(b). The Federal Public Defender asserts that only the first issue is presented pursuant to Anders v. California, 386 U.S. 738 (1967); he argues the latter issue on the merits and without reliance on Anders.

Anders established standards for a court-appointed attorney who seeks to withdraw from a direct criminal appeal on the ground that the appeal lacks an issue of arguable merit. See Anders, 386 U.S. at 744. Because counsel does not seek to withdraw and because counsel does not suggest that this appeal is "wholly frivolous," Anders is inapposite, and we therefore address the merits of the appeal.

As Ramirez concedes, the record does not reflect that the district court misunderstood the scope of its authority to depart downward. See United States v. Cothran, 302 F.3d 279, 291 (5th Cir. 2002). Thus, this court does not have jurisdiction to review the district court's decision to deny the motion for a downward departure. See United States v. Buck, 324 F.3d 786, 798 (5th Cir. 2003). The appeal is dismissed in part.

Ramirez argues that the prior conviction resulting in his increased sentence under 8 U.S.C. § 1326(b) was an element of the offense that had to be alleged in the indictment. Ramirez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for Supreme Court review in the light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466

(2000).  Apprendi did not overrule Almendarez-Torres.  See

Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331

F.3d 464, 470 (5th Cir.), cert. denied, 124 S. Ct. 358 (2003).

Accordingly, the judgment of the district court is affirmed.  The

Government's motion for dismissal or summary affirmance is

granted.

The judgment of the district court is AFFIRMED IN PART, and

the appeal is DISMISSED IN PART.  MOTION GRANTED.