United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40518
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CESAR TREJO-HERNANDEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-41-ALL
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cesar Trejo-Hernandez ("Trejo") entered a guilty plea to a charge of being present illegally in the United States after deportation and a conviction for an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced Trejo to thirty-five months of imprisonment and three years of supervised release.

Trejo asserts that the district court plainly erred by characterizing his state felony conviction for possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1).  Trejo's argument is foreclosed by circuit precedent.  See United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Trejo contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He asserts that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004).  Trejo acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi, 530 U.S. at 490.  As Trejo concedes, this issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263); United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 540 U.S. 935 (2003).

AFFIRMED.