United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50960
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ENRIQUE BERNAL-CERON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-163-ALL-SS
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Enrique Bernal-Ceron ("Bernal") appeals his sentence following his guilty plea to an indictment charging that he illegally reentered the United States after having been deported, in violation of 8 U.S.C. § 1326. Bernal first argues that the three-year term of supervised release imposed by the district court violated due process because the indictment to which he pleaded guilty failed to include the aggravated-felony provision of 8 U.S.C. § 1326(b), under which the three-year term was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed. He acknowledges that the Supreme Court rejected his argument in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent decisions have cast doubt on the continuing validity of Almendarez-Torres.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Sarmiento-Funes, 374 F.3d 336, 346 (5th Cir. 2004). This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.)(citation omitted), cert. denied, 540 U.S. 935 (2003). Accordingly, Bernal has not established error, plain or otherwise, with respect to his three-year term of supervised release sentence under 8 U.S.C. § 1326(b). See United States v. Vonn, 535 U.S. 55, 58-59 (2002).

Bernal next argues, for the first time on appeal that, under United States v. Booker, 125 S. Ct. 738, 756 (2005), the two-point increase in his criminal history for having committed the instant offense within two years of being released from his prior sentence was unconstitutional. Bernal acknowledges that because he is raising the argument for the first time on appeal, review is for plain error.

An unpreserved constitutional challenge to the computation of a defendant's sentence under the formerly mandatory sentencing guidelines is reviewed for plain error. United States v. Mares,

402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Because his sentence was enhanced based on findings made by the judge that went beyond the facts admitted by Bernal or found by a jury, Bernal has established Booker error that is "plain." See United States v. Bringier, ___ F.3d ___, No. 04-30089, 2005 WL 730073 at *5 (5th Cir. Mar. 31, 2005). Bernal must nevertheless show that the court's error affected his substantial rights. Id. To make such a showing, Bernal "bears the burden of demonstrating a probability sufficient to undermine confidence in the outcome." Id. Bernal has failed to make such a showing. See id. at *5 n.4.

Bernal also makes the concomitant argument that, as a general matter, the district court erred under Booker by treating the guideline range as binding. "It is clear after Booker that application of the [g]uidelines in their mandatory form constitutes error that is plain." United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005). However, as in cases involving a Sixth Amendment violation under Booker, in order to show a violation of his substantial rights, the defendant must show an error that affected the outcome of the district court proceedings, and he must demonstrate a probability sufficient to undermine confidence in the outcome. Id. (citing Mares, 402 F.3d at 520-21). As discussed above, Bernal has failed to make such a showing. Accordingly, the judgment of the district court is AFFIRMED.