United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-41475
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HORACIO VANEGAS-MALDONADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(1:04-CR-343-ALL)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Horacio Vanegas-Maldonado appeals the

sentence imposed following his guilty-plea conviction for being

found unlawfully in the United States after deportation, having

previously been convicted of an aggravated felony in violation of

8 U.S.C. § 1326(a) & (b). The government argues that Vanegas-

Maldonado knowingly and voluntarily waived the right to appeal his

sentence as part of his plea agreement and, therefore, that his

appeal should be dismissed for lack of jurisdiction. In his plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement, Vanegas-Maldonado waived the right to appeal his sentence, except that he reserved the right to appeal a sentence imposed above the statutory maximum or an upward departure above the Sentencing Guidelines range. At the rearraignment hearing, the magistrate judge advised Vanegas-Maldonado that he was waiving his right to appeal; however, the magistrate judge altered the terms of the  waiver provision by informing Vanegas-Maldonado that he could appeal an "illegal sentence."  In view of this statement, we pretermit whether Vanegas-Maldonado knowingly waived his right to appeal his sentence.

Vanegas-Maldonado argues that the district court erred in imposing his sentence under the mandatory Guidelines scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Because Vanegas-Maldonado did not raise this issue in the district court, review is limited to plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  The district court erred in imposing Vanegas-Maldonado's sentence under the mandatory Guidelines scheme, and the error was obvious after Booker.  See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005).  Vanegas-Maldonado has not shown, however, that the error affected his substantial rights, as he has not demonstrated that the record shows the district court judge would have imposed a different or lesser sentence under a Booker advisory regime.  See id. at **4-5.  Therefore, he has not met the requirements to show plain error.

2

Vanegas-Maldonado also contends that the "felony" and "aggravated felony" sentencing enhancements under 8 U.S.C. § 1326(b) are facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Sarmiento-Funes, 374 F.3d 336, 346 (5th Cir. 2004). Therefore, we must follow Almendarez-Torres, "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), (citation omitted), cert. denied, 540 U.S. 935 (2003); so Vanegas-Maldonado has not established error with respect to his sentence under 8 U.S.C. § 1326(b).

AFFIRMED.