United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

04-40709
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE ARNULFO AYESTA,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-117-ALL**)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Arnulfo Ayesta appeals his guilty-plea conviction and sentence for being found in the United States following deportation in violation of 8 U.S.C. § 1326(a) & (b).  He contends the district court committed reversible plain error in imposing his sentence pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in ***United States v. Booker***, 125 S. Ct. 738 (2005). Because Ayesta did not raise this issue in the district court, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review only for plain error. *See **United States v. Vonn***, 535 U.S. 55, 59 (2002).

The district court erred in imposing Ayesta's sentence under the mandatory Guidelines scheme, and the error was obvious after ***Booker***. *See **United States v. Valenzuela-Quevedo***, ___ F.3d ___, 2005 WL 941353, at *4 (5th Cir. 25 Apr. 2005). Ayesta has not shown, however, that the error affected his substantial rights. Restated, he has not shown the district court would have imposed a different or lesser sentence under a ***Booker*** advisory regime. *See **id.*** at **4-5. Therefore, he has not shown reversible plain error.

Ayesta also contends the "felony" and "aggravated felony" sentencing enhancements under 8 U.S.C. § 1326(b) are facially unconstitutional under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). He acknowledges this argument is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. ***Apprendi*** did not overrule ***Almendarez-Torres***. *See **Apprendi***, 530 U.S. at 489-90; ***United States v. Sarmiento-Funes***, 374 F.3d 336, 346 (5th Cir. 2004). This court must follow ***Almendarez-Torres***, "unless and until the Supreme Court itself determines to overrule it." ***United States v. Mancia-Perez***, 331 F.3d 464, 470 (5th Cir.) (internal quotation and citation omitted), *cert. denied*, 540 U.S. 935 (2003). Accordingly, Ayesta has not established error with respect to his sentence under 8 U.S.C. § 1326(b).

2

*AFFIRMED*