United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11059
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DOUGLAS ALEXANDER GUARDADO, also known as Samuel Ruiz,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-11-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Douglas Alexander Guardado pleaded guilty to illegal reentry

after deportation and was sentenced to 87 months of imprisonment

and three years of supervised release.  He appeals his sentence.

Guardado argues for the first time on appeal that his

constitutional rights to grand jury indictment, proof beyond a

reasonable doubt, and jury trial were violated when he was

sentenced on the basis of facts beyond the fact of a prior

conviction.  He argues that under Blakely v. Washington,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

124 S. Ct. 2531, 2537 (2004), the district court plainly erred in increasing his criminal history score based on its finding that he was under a sentence of parole and under a sentence of probation at the time of the commission of the instant offense. He concedes that because he did not object on <u>Blakely</u> grounds in the district court, his claim must be reviewed for plain error. He contends that the error was plain and that his substantial rights were affected.

Guardado's claim that the district court plainly erred by increasing his sentence based on facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Guardado concedes that the issue whether his sentence under 8 U.S.C. § 1326(b)(2) was rendered illegal by <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and subsequent Supreme Court precedent is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), and he raises it solely to preserve it for further review by the Supreme Court. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; As Guardado concedes, this argument is foreclosed unless and

until the Supreme Court itself decides to overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir.), <u>cert. denied</u>, 540 U.S. 935 (2003).

AFFIRMED.