United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR SIMON GONZALEZ-SANDOVAL,
also known as Jose Herlindo Zuniga, Jr.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-679-ALL-PRM
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Oscar Simon Gonzalez-Sandoval ("Gonzalez") appeals following his guilty-plea to illegally re-entering the United States after previously being deported, in violation of 8 U.S.C. § 1326. Gonzalez argues that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005), because it was based upon facts that were neither submitted to a jury nor admitted. Specifically, he contends that the district court increased his criminal history points by finding that the instant offense was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed less than two years after his release from custody in a prior offense. He also argues that his sentence is unconstitutional because it was imposed pursuant to a mandatory application of the sentencing guidelines. The Government concedes that error occurred but argues that Gonzalez cannot meet his burden under the plain error standard of review.

Because Gonzalez did not raise these issues in the district court, this court reviews the arguments for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Under this standard, Gonzalez must show 1) an error; 2) that is clear or obvious; 3) that affected his substantial rights; and 4) that seriously affected the fairness, integrity or public reputation of his judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993).

Gonzalez fails to show that the district court would likely have sentenced him differently under the Booker advisory scheme. At best, it is uncertain from the district court's remarks at sentencing that it would have reached a different conclusion. Because Gonzalez has not demonstrated that his substantial rights were affected, his arguments fail to survive plain-error review. See Valenzuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521-22; cf. United States v. Pennell, 409 F.3d 240, 245-46 (5th Cir. 2005).

Gonzalez also argues that his sentence violated due process and should have been limited to the statutory maximum of two years because his indictment did not allege the fact of his prior conviction. Gonzalez correctly concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he raises the issue to preserve it for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 540 U.S. 935 (2003). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Mancia-Perez, 331 F.3d at 470 (internal quotation marks and citation omitted).

AFFIRMED.