United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20811
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONOVAN SEGISMOND HEWITT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-170-ALL
--------------------

Before JOLLY, JONES and OWEN, Circuit Judges.

PER CURIAM:[*]

Donovan Segismond Hewitt appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation.  Hewitt was sentenced to a term of imprisonment of 76 months, to be followed by a three-year term of supervised release.

Hewitt argues that he is entitled to have his sentence vacated and to be resentenced because the Government breached its oral plea agreement by opposing his motion for a downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure. He contends that the prosecutor who was present at his rearraignment stated that the Government would not oppose such a motion. The Government concedes that the plea agreement was unintentionally breached and does not oppose a remand for resentencing.

Where, as here, there was no objection to the breach of the plea agreement, the issue is reviewed for plain error. United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003). When reviewing for plain error, this court will consider if there was an error, the error was clear and obvious, and it affected a substantial right. United States v. Olano, 507 U.S. 725, 732-34 (1993). Further, because review of a plain error is permissive, rather than mandatory, this court will exercise its discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 732 (internal quotation marks, alteration, and citations omitted).

"In determining whether the terms of the plea bargain have been violated, [this] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." United States v. Gonzales, 309 F.3d 882, 886 (5th Cir. 2002)(citation omitted). The Government breached the plea agreement in this case by opposing the motion for a downward departure despite the initial prosecutor's acquiescence to defense counsel's oral and written

statements that the Government had agreed not to oppose the motion.  Id.  This error was both clear and obvious and the Government's failure to fulfill promises made in the plea agreement affected the substantial rights of Hewitt and the fairness, integrity, and public reputation of judicial proceedings.  See Olano, 507 U.S. at 732-34; see United States v. Goldfaden, 959 F.2d 1324, 1327-29 (5th Cir. 1992).  Hewitt's sentence is VACATED and the case is REMANDED to the district court for resentencing.

Hewitt's argument that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000) is without merit.  Hewitt acknowledges that Almendarez-Torres v. United States, 523 U.S. 224 (1998) forecloses his argument but wishes to preserve it for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 540 U.S. 935 (2003).  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Mancia-Perez, 331 F.3d at 470 (internal quotation and citation omitted).  Therefore, this court is bound by Almendarez-Torres, and this argument must fail.  See Mancia-Perez, 331 F.3d at 470.

SENTENCE VACATED; REMANDED FOR RESENTENCING.