United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51311
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAIME CHAVEZ-GONZALEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-387-1-AML
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jaime Chavez-Gonzalez appeals the sentence imposed following his guilty plea to illegal reentry following deportation. Chavez was sentenced to a term of imprisonment of 46 months, to be followed by a three-year term of supervised release.

     Chavez argues for the first time on appeal that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system based upon facts that were not admitted by him or found by a jury. He argues that the district court violated

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Sixth Amendment by raising his sentence based on its factual determination that Chavez committed the instant offense while he was on probation. He asserts that the district court would have imposed a different sentence if it had known that it was acting under an advisory sentencing guidelines system.

Chavez's claim that the district court plainly erred by enhancing his sentence based upon facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result." See United States v. Mares, 402 F.3d 511, 520-522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).

Chavez's argument that the district court's application of the guidelines as mandatory was plain error also fails because he did not show that the district court would have imposed a different sentence had the guidelines been advisory only. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-34 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

Chavez contends that his sentence should have been limited to two years because his indictment failed to allege a prior felony conviction used to increase his sentence. As he concedes,

this contention is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>See</u> <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir.), <u>cert. denied</u>, 540 U.S. 935 (2003).

AFFIRMED.