United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20874
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JESUS VENTURA ROSALES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-97-ALL
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jesus Ventura-Rosales ("Ventura") appeals his sentence
following his guilty-plea conviction for illegal reentry after
deportation subsequent to conviction for an aggravated felony, in
violation of 8 U.S.C. § 1326(a) and (b)(2).  Ventura argues that
the district court's upward departure pursuant to U.S.S.G.
§ 4A1.3 was erroneous because his prior offenses were not
egregious, that the district court had a mistaken understanding
of the facts, and that the district court failed adequately to
explain the reasons for departure.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ventura had an offense level of 13, a criminal history category of VI, and a Guidelines range of 33-41 months. The district court departed upward to an offense level of 15 and imposed a sentence of 51 months. The court explained that it was moving up incrementally two levels because of Ventura's long criminal history, which included numerous offenses for which no criminal history points were assigned, because Ventura had been deported on four prior occasions, and because of Ventura's likelihood to recidivate. Guided by the factors in 18 U.S.C. § 3553(a), we conclude that there is no reversible error and that the district court's sentence was reasonable for the reasons stated by the district court. See United States v. Simkanin, __ F.3d __, No. 04-10531, 2005 WL 1847218 at *15-17 (5th Cir. Aug. 5, 2005); United States v. Smith, __ F.3d __, No. 03-10171, 2005 WL 1663784 at *4-5 (5th Cir. July 18, 2005).

Ventura also argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), but he correctly concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 540 U.S. 935 (2003)(internal quotation and citation omitted).

AFFIRMED.