United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41240
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE GUADALUPE CERDA-TOVAR,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-412-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jose Guadalupe Cerda-Tovar appeals his sentence after

pleading guilty to being found in the United States after a

previous deportation.  In his brief, which was filed before the

Supreme Court's decision in United States v. Booker, 125 S. Ct.

738 (2005), Cerda-Tovar argues, to preserve for further review,

that the viability of Almendarez-Torres v. United States,

523 U.S. 224 (1998), is in doubt given Apprendi v. New Jersey,

530 U.S. 466 (2000), and that, under the view now held by a

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

majority of the Supreme Court justices, the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90. We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.) (quotation marks and citation omitted), cert. denied, 540 U.S. 935 (2003). Therefore, Cerda-Tovar's argument regarding the viability of Almendarez-Torres fails. See id.

Cerda-Tovar also argues that the Government correctly conceded that constitutional error occurred under Booker and that the Government has the burden of proving that the error was harmless beyond a reasonable doubt. However, Cerda-Tovar asserts that (1) the Booker error in this case is structural and not susceptible to harmless-error analysis; (2) even if harmless-error analysis is appropriate, the error is not harmless beyond a reasonable doubt; and (3) application of a reasonableness standard of review is not appropriate because that standard was applicable to pre-Booker cases.

Here, the only enhancements to Cerda-Tovar's sentence were based on his prior convictions. However, the district court erred by imposing a sentence pursuant to a mandatory application

of the Sentencing Guidelines.  See Booker, 125 S. Ct. at 750, 768-69.

We review such error, assuming without deciding that it was properly preserved, under the harmless-error standard.  The Government has carried its burden of showing that, even absent the mandatory application of the guidelines, Cerda-Tovar's sentence would be the same.  See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).  Thus, the error is harmless in light of the district court's statement that it would impose the same sentence.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  The judgment of the district court is AFFIRMED.