United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20267
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PINEDA-GARDUNO, also known as Jose Garduno Pineda,
also known as Jose G. Pineda,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-369-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Pineda-Garduno ("Pineda") appeals the sentence imposed

following entry of his guilty plea to a charge of being found

illegally in the United States after he had been removed

subsequent to his conviction for an aggravated felony.  The

district court sentenced Pineda to 57 months of imprisonment and

three years of supervised release.

Pineda's sole issue on appeal is a challenge to the validity

of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the use of his prior conviction to increase his sentence.  Pineda asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because they are treated as sentencing factors rather than as elements of the offense.  Pineda concedes that his argument is foreclosed by circuit precedent and admits that he raises the argument merely to preserve it for Supreme Court review.

As Pineda concedes, his arguments are foreclosed.  See United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003).  The Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), did not overrule Almendarez-Torres, and we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Mancia-Perez, 331 F.3d at 470 (internal quotation marks and citation omitted).

AFFIRMED.