United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40111
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE JUAN DELGADILLO-BERNAL,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1632-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

    Jose Juan Delgadillo-Bernal ("Delgadillo") appeals the

sentence imposed following entry of his guilty plea to a charge

of being found illegally in the United States after he had been

removed subsequent to his conviction for a felony.  The district

court sentenced Delgadillo to 18 months of imprisonment and three

years of supervised release.

    Delgadillo's sole issue on appeal is a challenge to the

validity of Almendarez-Torres v. United States, 523 U.S. 224

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998), and the use of his prior conviction to increase his sentence.  Delgadillo asserts for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because they are treated as sentencing factors rather than as elements of the offense.  Delgadillo concedes that his argument is foreclosed by circuit precedent and admits that he raises the argument merely to preserve it for Supreme Court review.

As Delgadillo concedes, his arguments are foreclosed.  See United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003).  The Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), did not overrule Almendarez-Torres, and we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Mancia-Perez, 331 F.3d at 470 (internal quotation marks and citation omitted).

AFFIRMED.