United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40271
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

OSVALDO REA-HERRERA,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-746-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

     Osvaldo Rea-Herrera ("Rea") appeals the 46-month sentence

imposed following entry of his guilty plea to a charge of being

found illegally in the United States after he had been removed

subsequent to his conviction for an aggravated felony.  Rea's

sole issue on appeal is a challenge to the validity of

Almendarez-Torres v. United States, 523 U.S. 224 (1998), and the

use of his prior conviction to increase his sentence.  Rea

asserts for the first time on appeal that the "felony" and

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because they are treated as sentencing factors rather than as elements of the offense. Rea concedes that his arguments are foreclosed by circuit precedent and admits that he raises the arguments merely to preserve them for Supreme Court review.

As Rea concedes, his arguments are foreclosed. See United States v. Izaquirre-Flores, 405 F.3d 270, 277-78 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003). The Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), did not overrule Almendarez-Torres, and we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Mancia-Perez, 331 F.3d at 470 (internal quotation marks and citation omitted).

AFFIRMED.