United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41021
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RODRIGUEZ-TORRES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-Cr-360-1

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Rodriguez-Torres appeals the sentence imposed on December
16, 2004 following his guilty-plea conviction for having been found
present in the United States after removal without consent of the
Attorney General or the Secretary of the Department of Homeland
Security in violation of 8 U.S.C. § 1326(a) & (b).

His first contention on appeal is that his sentence should be

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacated and the cause remanded for resentencing because he "was sentenced under an unconstitutional, mandatory sentencing guideline scheme" contrary to *United States v. Booker*, 125 S.Ct. 738 (2005).

The district court calculated the applicable guideline sentencing range as 46-57 months' imprisonment – a calculation the correctness of which Rodriguez-Torres does not challenge on appeal – and imposed a sentence of 48 months' imprisonment. The district court's imposition of Rodriguez-Torres's sentence pursuant to the mandatory Sentence Guidelines system was error. *See Booker*, 125 S.Ct. at 768-69 (2005). We assume that this error was properly preserved below. The district court, however, clearly stated at sentencing that if the Guidelines were held unconstitutional, it would impose the same sentence. Therefore, the Government has established that the sentencing error was harmless beyond a reasonable doubt. *See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005); *see also United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir. 2005), *cert. denied*, ___ S.Ct. ____, (Oct. 11, 2005) (No. 05-6242); *United States v. Sealed Appellant 1*, 140 Fed. App'x. 571, 572 (5th Cir. 2005) (No. 04-41079) (unpublished).

Rodriguez-Torres's second and last contention on appeal is that "the 'felony' and 'aggravated felony' provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional." He acknowledges that this argument is foreclosed by *Almendariz-Torres v. United States*, 523 U.S. 224, 239-47 (1998), but seeks to preserve this argument

2

for possible Supreme Court review. *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000), did not overrule *Almendariz-Torres*. *United States v. Sarmiento-Funes*, 374 F.3d 336, 346 (5th Cir. 2004). This court must follow *Almendariz-Torres* "'unless and until the Supreme Court itself determines to overrule it.'" *United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir.), *cert. denied*, 540 U.S. 935 (2003). Therefore, we reject Rodriguez-Torres's contentions in this respect.

AFFIRMED.