United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50104
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS PEREZ-ISLAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1775-ALL-KC
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Luis Perez-Islas appeals his sentence following his guilty-plea conviction for illegal reentry by an alien.  Perez-Islas argues that the district court plainly erred in sentencing him under mandatory Sentencing Guidelines under United States v. Booker, 125 S. Ct. 738 (2005).  As Perez-Islas concedes, we review for plain error.  See United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005), petition for cert. filed, (Mar. 31, 2005) (No. 04-9517).  Here, the district court erred by imposing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a sentence pursuant to a mandatory application of the sentencing guidelines.  See Booker, 125 S. Ct. at 768; see also Mares, 402 F.3d at 520-21 & n.9.  However, Perez-Islas cannot establish that this error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 734 (1993).  Because Perez-Islas has not shown that his sentence likely would have been different, his Booker argument fails.  See Mares, 402 F.3d at 521.

Perez-Islas argues that the district court plainly erred in relying on the modified presentence report (PSR) in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) by 16 levels for a prior removal after a conviction of a "crime of violence" based on his prior Texas conviction for aggravated robbery.  We review for plain error.  See United States v. Villegas, 404 F.3d 355, 356 (5th Cir. 2005).

The district court was not permitted to rely on the characterization of the prior offense in the modified PSR in order to enhance Perez-Islas's sentence.  See United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005).  However, the statutory definition of Perez-Islas's prior conviction falls within U.S.S.G. § 2L1.2's definition of the type of crime for which the enhancement is warranted.  See TEX. PENAL CODE § 29.03(a); U.S.S.G. § 2L1.2, comment. (n.(1)(B)(iii)).  Robbery is a specifically enumerated "crime of violence" for enhancement purposes under U.S.S.G. § 2L1.2.  See U.S.S.G. § 2L1.2, comment. (n.(1)(B)(iii)).  Assuming that the district court did rely on

the modified PSR's characterization of Perez-Islas's prior offense, such error did not affect Perez-Islas's substantial rights because the statutory definition of the crime places it squarely within the definition of "crime of violence" under U.S.S.G. § 2L1.2.  Cf. Garza-Lopez, 410 F.3d at 273-75.

Finally, Perez-Islas argues that the indictment did not charge him with an offense under 8 U.S.C. § 1326(b) because it did not charge him with having a prior conviction for an aggravated felony.  Perez-Islas concedes that his argument is foreclosed under Almendarez-Torres v. United States, 523 U.S. 224 (1998), but states that he raises it to preserve it for possible Supreme Court review because of the Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90.  We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.) (quotation marks and citation omitted), cert. denied, 540 U.S. 935 (2003).  Therefore, Perez-Islas's argument must fail.  See id.  The judgment of the district court is AFFIRMED.