United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41029
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDO GONZALEZ-MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-550-1
---------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Bernardo Gonzalez-Martinez appeals his guilty-plea
conviction of and sentence for being an alien found in the United
States illegally.  Gonzalez-Martinez argues that there was error
under United States v. Booker, 543 U.S. 220 (2005), because he
was sentenced under the mandatory Sentencing Guidelines.  He
asserts that the Government cannot show that the Booker error is
harmless beyond a reasonable doubt because the error is
structural and not subject to harmless error analysis.  His

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument that the error was structural is foreclosed.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).

Gonzalez-Martinez also argues that, even if the error was not structural, the error cannot be shown to be harmless beyond a reasonable doubt.  The Government concedes that Gonzalez-Martinez has preserved the issue for appeal.  Our review is thus for harmless error.  See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).  The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Gonzalez-Martinez differently under an advisory guideline sentencing regime.  See id.

The instant record fails to provide clear commentary from the district court regarding whether it would have imposed the same sentence in a post-Booker environment.  See id.  The Government thus has not carried its burden of showing harmless error.  See id.  We therefore remand Gonzalez-Martinez's case for resentencing.

Gonzalez-Martinez challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Gonzalez-Martinez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such

arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir. 2003). Gonzalez-Martinez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.