United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41527
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO MARTINEZ-MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-222-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alberto Martinez-Mendez ("Martinez") appeals following his guilty plea to a charge of being present illegally in the United States after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Martinez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to preserve his argument for further review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir.), <u>cert.</u> <u>denied</u>, 540 U.S. 935 (2003). Martinez further asserts that, if <u>Almendarez-Torres</u> is overruled and if <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), applies to the Federal Sentencing Guidelines, his sentence could not be enhanced based on his prior convictions, unless they were submitted to a jury or admitted by him. As noted, <u>Almendarez-Torres</u> has not been overruled. This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Mancia-Perez</u>, 331 F.3d at 470 (internal quotation and citation omitted).

Martinez argues that the district court committed reversible error by imposing a sentence pursuant to the mandatory Federal Sentencing Guidelines system that was held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). We review for plain error. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).

The district court committed error that is plain by sentencing Martinez under a mandatory Sentencing Guidelines scheme. <u>See</u> <u>id.</u>; <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No.

04-9517).  However, Martinez has not carried his burden of showing that the district court's error affected his substantial rights.  See Valenzuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521.

Accordingly, the district court's judgment is AFFIRMED.