United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51051
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO CALDERILLA-REGALADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-226-1-WWJ
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rolando Calderilla-Regalado appeals his sentence following his guilty-plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 30 months of imprisonment, three years of supervised release, and a $100 special assessment.

Calderilla-Regalado argues that his sentence violates his due process rights, under Apprendi v. New Jersey, 530 U.S. 466 (2000), because he was sentenced based on a prior aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony not alleged in his indictment.  As Calderilla-Regalado concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  We must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'"  United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003) (citation omitted).

For the first time on appeal, Calderilla-Regalado argues that, under United States v. Booker, 125 S. Ct. 738 (2005), this court must vacate his sentence and remand for resentencing because the district court violated his Sixth Amendment rights when it sentenced him based on its finding that he was on supervised release at the time he committed the offense.  He also argues that the district court erred by sentencing him under the pre-Booker mandatory guideline regime.  Because Calderilla-Regalado did not preserve the arguments in the district court, our review is for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Calderilla-Regalado also bears the burden of demonstrating "that the sentencing judge--sentencing under an advisory scheme rather

than a mandatory one--would have reached a significantly different result."  See Mares, 402 F.3d at 521.  Calderilla-Regalado has not made such a showing with respect to his Sixth Amendment claim or his claim regarding the mandatory application of the guidelines.  Accordingly, the judgment of the district court is AFFIRMED.