United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40797
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDWIN DEL CID-PEREZ,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-89-1
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Edwin Del Cid-Perez appeals following his guilty-plea

conviction and sentence for being an alien unlawfully found in

the United States after deportation subsequent to conviction of

an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).

Del Cid-Perez argues that the district court erroneously

calculated his criminal history by considering three prior,

uncounseled misdemeanor convictions when assessing his criminal

history points.  He asserts that his waiver of the right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel in those cases was invalid because the trial court failed to inform him of the punishment range that he faced.  Del Cid-Perez has not met his burden of showing that the waiver of counsel was invalid.  See Iowa v. Tovar, 124 S. Ct. 1379, 1390 (2004).

Del Cid-Perez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.  He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve his argument for further review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 540 U.S. 935 (2003).  Del Cid-Perez further argues that, if Almendarez-Torres is overruled and if Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the Federal Sentencing Guidelines, his sentence could not be enhanced based on his prior convictions, unless they were submitted to a jury or admitted by him.  As noted, Almendarez-Torres has not been overruled, and this court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Mancia-Perez, 331 F.3d at 470 (internal quotation and citation omitted).

Finally, Del Cid-Perez argues that the district court committed reversible error by imposing a sentence pursuant to the

mandatory Federal Sentencing Guideline system that was held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).  Because Del Cid-Perez did not raise this objection in the district court, our review is for plain error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005).

The district court committed error that is plain by sentencing Del Cid-Perez under a mandatory Sentencing Guidelines scheme.  See id.; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).  However, Del Cid-Perez has not carried his burden of showing that the district court's error affected his substantial rights.  See Valenzuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521.

The district court's judgment is AFFIRMED.