UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Juan DELGADILLO–BERNAL, Defendant–Appellant.

No. 05–40111.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Juan Delgadillo–Bernal ("Delgadillo") appeals the sentence imposed following entry of his guilty plea to a charge of being found illegally in the United States after he had been removed subsequent to his conviction for a felony. The district court sentenced Delgadillo to 18 months of imprisonment and three years of supervised release.

Delgadillo's sole issue on appeal is a challenge to the validity of *Almendarez–*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and the use of his prior conviction to increase his sentence. Delgadillo asserts for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because they are treated as sentencing factors rather than as elements of the offense. Delgadillo concedes that his argument is foreclosed by circuit precedent and admits that he raises the argument merely to preserve it for Supreme Court review.

As Delgadillo concedes, his arguments are foreclosed. *See United States v. Izaguirre–Flores,* 405 F.3d 270, 277–78 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 253, —— L.Ed.2d —— (2005); *United States v. Mancia–Perez,* 331 F.3d 464, 470 (5th Cir.2003). The Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule *Almendarez–Torres,* and we must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Mancia–Perez,* 331 F.3d at 470 (internal quotation marks and citation omitted).

AFFIRMED.