**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose PINEDA–GARDUNO, also known as Jose Garduno Pineda, also known as Jose G. Pineda, Defendant–Appellant.**

No. 05–20267.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Pineda–Garduno ("Pineda") appeals the sentence imposed following entry of his

---

\* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be

guilty plea to a charge of being found illegally in the United States after he had been removed subsequent to his conviction for an aggravated felony. The district court sentenced Pineda to 57 months of imprisonment and three years of supervised release.

Pineda's sole issue on appeal is a challenge to the validity of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and the use of his prior conviction to increase his sentence. Pineda asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because they are treated as sentencing factors rather than as elements of the offense. Pineda concedes that his argument is foreclosed by circuit precedent and admits that he raises the argument merely to preserve it for Supreme Court review.

As Pineda concedes, his arguments are foreclosed. *See United States v. Izaguirre–Flores*, 405 F.3d 270, 277–78 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 253, —— L.Ed.2d —— (2005); *United States v. Mancia–Perez*, 331 F.3d 464, 470 (5th Cir.2003). The Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule *Almendarez–Torres*, and we must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Mancia–Perez*, 331 F.3d at 470 (internal quotation marks and citation omitted).

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.