United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41660
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR ENRIQUE DIAZ, also known as Wilken Romero,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-321-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Counsel appointed to represent Victor Enrique Diaz has requested leave to withdraw and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967). Diaz has filed a response.

Our independent review of counsel's brief, Diaz's response, and the record discloses one possible nonfrivolous issue. Diaz's offense level and sentence were increased for his having been removed after a conviction for a prior drug-trafficking offense that was not alleged in the indictment. An argument that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior conviction should have been alleged in the indictment is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). However, the continuing validity of Almendarez-Torres has been called into question by Apprendi v. New Jersey, 530 U.S. 466, 489 (2000). Counsel thus could have raised the issue on appeal in order to preserve it for Supreme Court review.

Because this is a possible nonfrivolous issue for appeal, we DENY counsel's motion to withdraw. By our denial, Diaz preserves the Almendarez-Torres issue for further review. We pretermit further briefing, however, and AFFIRM the judgment of the district court because Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 490; United States v. Izaquirre-Flores, 405 F.3d 270, 277-78 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003).

Accordingly, counsel's motion for leave to withdraw is DENIED, and the judgment of the district court is AFFIRMED.