United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40977
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO ANTONIO RODRIGUEZ-ORELLANA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-336-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ramiro Antonio Rodriguez-Orellana appeals the sentence imposed following his guilty-plea conviction of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. He argues that his sentence should be vacated and remanded because the district court sentenced him under a mandatory Sentencing Guideline scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). The Government argues that the error was harmless.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the harmless error standard, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Rodriguez-Orellana differently under an advisory guideline sentencing regime. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). The record fails to provide clear commentary from the district court regarding whether it would have imposed the same sentence in a post-Booker environment. See id. The Government thus has not carried its burden of showing harmless error. See id. We therefore remand Rodriguez-Orellana's case for resentencing.

Rodriguez-Orellana challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rodriguez-Orellana contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003). Rodriguez-Orellana properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.